**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-48989 |
| William O'Malley, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | **Hearing Date: December 21, 2017** |
| | ) | **Hearing Time: 10:00 AM** |

**NOTICE OF SIXTH AND FINAL APPLICATION OF FOX SWIBEL LEVIN &
CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE
CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 1, 2016 THROUGH OCTOBER 24, 2017;
(II) AUTHORIZING PAYMENT OF UNPAID FEES; AND (III) PROVIDING
<u>FINAL APPROVAL TO ALL PREVIOUS INTERIM FEE APPLICATIONS</u>**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Thursday, December 21, 2017 at 10:00 A.M.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in Courtroom 613, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Sixth and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation and Reimbursement of Expenses for the Period October 1, 2016 Through October 24, 2017; (II) Authorizing Payment of Unpaid Fees, and (III) Providing Final Approval to all Previous Fee Applications,** at which time and place you may appear as you see fit.

Dated: November 30, 2017

Respectfully submitted,

**FOX SWIBEL LEVIN & CARROLL LLP**

By:   */s/ N. Neville Reid*
    Fox, Swibel, Levin & Carroll, LLP,
    General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## **CERTIFICATE OF SERVICE**

I, N. Neville Reid, certify that on November 30, 2017, I caused a copy of the foregoing **Sixth and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation and Reimbursement of Expenses for the Period October 1, 2016 Through October 24, 2017; (II) Authorizing Payment of Unpaid Fees; and (III) Providing Final Approval to all Previous Interim Fee Applications,** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail.



                                                                                 */s/ N. Neville Reid*
                                                                                  N. Neville Reid

# **SERVICE LIST**

**PARTIES TO RECEIVE NOTICE THROUGH THE COURT'S CM/ECF SYSTEM:**

Chester H. Foster, Jr. on behalf of Creditor Mary Shannon
chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Roman Sukley on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov, cameron.g.gulden@usdoj.gov

**PARTIES TO RECEIVE NOTICE BY POSTAGE PREPAID FIRST-CLASS U.S. MAIL:**

Ally Bank
P.O. Box 130424
Roseville, MN 55113-0004

Ally Financial
Attn: Bankruptcy
P.O. Box 130424
Roseville, MN 55113-0004

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

Chicago Title Land Trust Company
10 South LaSalle Street
Suite 2750
Chicago, IL 60603-1108

Citibank
P.O. Box 790034
St. Louis, MO 63179-0034

Kovitz Shifrin Nesbit
750 W. Lake Cook Road
Suite 350
Buffalo Grove, IL 60089-2086

Kovitz Shifrin Nesbit
c/o Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611-3604

Madden, Jiganti, Moore & Sinars
190 South LaSalle Street
Suite 1700
Chicago, IL 60603-3496

Michael Rhoades
Attn: Julie Miller
c/o Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611-3604

O'Malley, Daniel L.
c/o Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Patrick J.
c/o Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Patrick J.
c/o Konicek & Dillon
21 West State
Geneva, IL 60134-2238

O'Malley, Patrick J.
c/o The Cummings Law Firm PC
77 W. Wacker Dr., Suite 4800
Chicago, IL 60601-1664

O'Malley, Paul S.
c/o Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Paul S.
c/o Konicek & Dillon
21 West State
Geneva, IL 60134-2238

Citibank SD, NA
Attn: Centralized Bankruptcy
P.O. Box 20363
Kansas City, MO 64195

David E Cohen
Fisher Cohen Waldman Shapiro, LLP
1247 Waukegan Road, Suite 100
Glenview, IL 60025-3057

First Midwest Bank
1 Pierce Place
Itasca, IL 60143-1254

First Midwest Bank
c/o Chapman & Cutler, LLP
111 W. Monroe St.
Chicago, IL 60603-4096

Internal Revenue Service
Department of the Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

PYOD, LLC
successors Citibank, N.A.
Resurgent Capital Services
P.O. Box 19008
Greenville, SC 29602-9008

Shannon, Mary M.
c/o A. Charles Kogut
210 W. 22nd St., Suite 110
Oak Brook, IL 60523-4035

Shannon, Mary M. O'Malley
c/o Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Daniel L.
c/o Konicek & Dillon
21 West State
Geneva, IL 60134-2238

O'Malley, Eileen
c/o Konicek & Dillon
21 West State
Geneva, IL 60134-2238

O'Malley, Estate of Eileen A
c/o The Cummings Law Firm PC
77 W. Wacker Dr., Suite 4800
Chicago, IL 60601-1664

O'Malley, Estate of Eileen M. c/o
Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Joan Gross
c/o Ruff Weidenaar & Reidy Ltd.
222 N. LaSalle St., Suite 700
Chicago, IL 60601-1024

Southmoor, LLC
1 Oak Hill Dr., Suite 300
Attn: Terry O'Malley
Westmont, IL 60559-5502

Stephanie D. Uhler
Simon Lapidas & Uhler LLC
4709 W. Golf Rd. Ste 475
Skokie, IL 60076-1228

Suntrust/Greensky/thd
P.O. Box 79282
Baltimore, MD 21279-0282

O'Malley, Paul S.
c/o The Cummings Law Firm PC
77 W. Wacker Dr., Suite 4800
Chicago, IL 60601-1664

O'Malley, Rev. Timothy J.
c/o Johnson Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Terrance A. c/o Johnson Bell,
Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603-5404

O'Malley, Thomas
c/o Scanlan Law Group
8 S. Michigan Ave., 27th Floor
Chicago, IL 60603-3327

Patrick S Layng
Office of the U.S. Trustee
Region 11
219 S Dearborn St Room 873
0604-2027

2

Simon Lapidas & Uhler
c/o Stephanie Uhler 4709 W. Golf
Suite 475
Skokie, IL 60076-1228

William O'Malley
1903 Schiller Avenue Unit 2
Wilmette, IL 60091-2300

Bridgeview Bank Group
c/o Greiman, Rome & Griesmeyer, LLC
2 N. LaSalle Street
Suite 1601
Chicago, IL 60602

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re                                         )
                                              )
                                              )     Bankruptcy No. _____
                                              )
            Debtor.         )     Chapter              _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From    _____, _____    through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____        Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
| --- | --- | --- | --- | --- |

Dated:  _____         _____
                                                                                          (Counsel)

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | **)** | Chapter 7 |
| | ) | Case No. 13-48989 |
| William O'Malley, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | **Hearing Date: December 21, 2017** |
| | ) | **Hearing Time: 10:00 AM** |

**SIXTH AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2016 THROUGH OCTOBER 24, 2017; (II) AUTHORIZING PAYMENT OF ALL UNPAID FEES; AND (III) PROVIDING FINAL APPROVAL FOR ALL PRIOR INTERIM FEE APPLICATIONS**

Fox Swibel Levin & Carroll LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of William O'Malley (the "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation in the amount of $28,045.10 consisting of fees in the amount of $27,935.50 and expenses in the amount of $109.60 (collectively, such requested fees and expense reimbursement, the "Requested Compensation") incurred during the period of October 1, 2016 through October 24, 2017 (the "Application Period"); (ii) authorizing the Trustee to pay FSLC (a) outstanding fees in the amount of $14,849.00 incurred during the period from February 1, 2016 through September 30, 2016 and which were authorized prior hereto to be payable upon further Court order, and (b) the Requested Compensation incurred during the Application Period; and (iii) providing final approval to all prior interim fee applications filed herein. For its Application, FSLC respectfully states the following:

**INTRODUCTION**

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On December 26, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed Norman B. Newman as the trustee for the Estate. Subsequent thereto, Norman B. Newman resigned and N. Neville Reid was appointed as the chapter 7 Trustee for the Estate on February 10, 2014.

4.      On March 18, 2014, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel *nunc pro tunc* to December 18, 2014.

5.      On December 30, 2014, the Court entered an order [Dkt. 80] approving a settlement agreement between the Trustee and the Debtor pursuant to which the Debtor paid to the Trustee $400,000.00 in settlement of the Trustee's objection to the Debtor's claimed IRA exemption.

6.      On December 30, 2014, the Court entered an order approving the Trustee's First Interim Application for Compensation [Dkt. 79], allowing payment of $95,674.65 in fees and $491.05 in expenses to FSLC for services to the Estate.

7.     On June 34, 2015, the Court entered an order [Dkt. 99] approving the Trustee's Second Interim Application for Compensation, allowing payment of fees in the amount of $77,143 and $468.21 in expenses.

8.     On December 22, 2015, the Court entered an order [Dkt. 119] approving the Trustee's Third Interim Application for Compensation, allowing payment of fees in the amount of $118,502 and $1,819.64 in expenses.

9.     On March 30, 2016, the Court entered an order [Dkt. 140] approving the Trustee's Fourth Interim Application for Compensation, allowing payment of fees in the amount of $98,054.50 and $1,031.82 in expenses.

10.    On November 23, 2016, the Court entered an order [Dkt. 144] approving the Trustee's Fifth Interim Application for Compensation (i) allowing an administrative claim in the amount of $29,844.37, consisting of $29,698.00 in fees and $146.37 in expenses, for the period of February 1, 2016 through September 30, 2016 (the "Prior Application Period"), and (ii) authorizing (a) partial payment of $14,849.00 of such allowed fees and the balance of $14,849.00 payable upon further Court order, and (b) reimbursement of $146.37 in unpaid expenses.

11.    On June 8, 2017, the Court entered an order [Dkt. 153] approving a mutual release (the "Release") among the Trustee, Marquette Bank and Marquette Bank Corporation, stemming from underlying lawsuits brought by some of the Debtor's siblings against Marquette Bank based on Marquette's management of the estate of the Debtor's mother.  Though the Debtor, and the Trustee on the Debtor's behalf, were not plaintiffs in those lawsuits, as part of the settlement amongst the parties, Marquette Bank and Marquette Bank Corporation requested that the Trustee release any potential claims that the Debtor may have against them.  In return for said release, the plaintiffs in those lawsuits agreed to pay the Trustee $7,000 from the funds they

3

were receiving pursuant to their own settlement with Marquette Bank and Marquette Bank Corporation.

12. On October 12, 2017, the Court entered an order [Dkt. 156] authorizing the Trustee to enter into and perform a settlement agreement (the "Settlement Agreement" and the settlement terms therein the "Settlement") among the Trustee and Gwenn R. O'Malley ("GRO"), the O'Malley Realty Trust (the "Trust") and Salsa 10 Partners LLC ("Salsa 10" and together with GRO and the Trust, the "GRO Entities"). The Settlement resolved the claims of the Estate against the GRO Entities in consideration for the payment of $75,000 by the GRO Entities to the Estate. The Trustee has consummated the Settlement and in so doing has fully administered the Estate.

## REQUESTED RELIEF

13. FSLC files this Application to be (i) authorized to pay outstanding fees incurred during the Prior Application Period, and (ii) allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the Application Period, and authorized to pay such outstanding fees and expenses. The Trustee also requests that the court provide final approval to all previous interim fee applications that have been approved on an interim basis.

14. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

15. Attached as Exhibit B to this Application is a summary of the actual, necessary expenses incurred by FSLC during the Application Period.

4

16. Attached as <u>Exhibit C</u> to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (C-1) General Case Administration, (C-2) Professional Retention Application, (C-3) Fee Application, (C-4) Avoidance Action Trial Litigation, (C-5) Other Discovery, (C-6) Asset Investigation, (C-7) Other Litigation, and (C-8) Asset Sales.

## PROFESSIONAL SERVICES RENDERED

17. During the Application Period, and more specifically delineated on <u>Exhibit C</u> hereto, FSLC performed the following services on behalf of the Trustee:

    A.    <u>General Case Administration</u>. FSLC performed various miscellaneous tasks that facilitated the Trustee's ability to finalize the Settlement Agreement amongst their respective parties, and draft and obtain approval for a motion to estimate certain contingent claims.

    [The tasks in this category account for $9,042.00, or 28.2 hours of the Requested Compensation.]

    B.    <u>Professional Retention Application</u>. FSLC prepared and filed the Trustee's Application to Employ Kutchins, Robbins & Diamond, Ltd., as Tax Accountants Retroactive to September 29, 2017 [Dkt. 158].

    [The tasks in this category account for $735.00, or 3.5 hours of the Requested Compensation.]

5

  C. <u>Fee Application</u>. FSLC prepared, filed, and presented the Fifth Interim Application for Compensation of FSLC [Dkt. 144]. This time for the Fifth Interim Application amounted to $4,151.00. The time incurred for this Sixth and Final Application that is included in the Requested Compensation consists of $2,618.00.

  [The tasks in this category account for $6,769.00, or 29.4 hours of the Requested Compensation.]

  D. <u>Avoidance Action Trial Litigation</u>. FSLC drafted and finalized the Settlement Agreement in order to secure funds to the Estate.

  [The tasks in this category account for $3,961.00, or 9.9 hours of the Requested Compensation.]

  E. <u>Other Discovery</u>. According to related pending state court litigation in which the Debtor's siblings (the "Siblings") and his deceased mothers' probate estate are plaintiffs, the Debtor is alleged to have conspired with other persons or entities, including a major Chicago-area bank, to misappropriate or hide assets formerly owned or controlled by him or his mother (the "State Court Litigation"). The Trustee received document subpoenas from parties in the State Court Litigation and FSLC incurred

time in responding to, and finalizing and preparing production documents related to, the same.

[The tasks in this category account for $1,284.00, or 5.1 hours of the Requested Compensation.]

F.  Asset Investigation.  FSLC incurred time in pursuing legal discovery on potential asset recovery related to the Settlement Agreement and the State Court Litigation.

[The tasks in this category account for $5,382.50, or 13.7 hours of the Requested Compensation.]

G.  Other Litigation.  FSLC incurred time in finalizing and presenting the Settlement Agreement.

[The tasks in this category account for $722.00, or 2.0 hours of the Requested Compensation.]

H.  Asset Sales.  FSLC incurred time in reviewing and executing the Settlement Agreement.

[The tasks in this category account for $40.00, or .10 hours of the

7

Requested Compensation.]

## APPROPRIATENESS OF FEES

18. The total amount of allowed fees sought by FSLC for professional services in this Application is $27,935.50. The Trustee also requests that the Court (i) authorize payment of outstanding fees in the amount of $14,849.00 incurred during the Prior Application Period, which were authorized prior hereto to be payable upon further Court order, and (ii) provide final approval to all previous interim fee applications that were approved on an interim basis.

19. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort. Specifically, the Settlement was the most practical resolution of the Estate's claims against the GRO Entities given the difficulties of collection, and resulted in an immediate injection of $75,000 of cash into the Estate.

20. As to all of the remaining previous interim fee applications and this fee application, FSLC has provided substantial benefit to the Estate by (i) recovering over $600,000 in cash assets for the Estate (excluding amounts paid to the Debtor pursuant to settlement and Court order), and (ii) diligently completing for the creditors (consisting overwhelmingly of the Debtor's Siblings) investigation of all of the Siblings' reasonable leads on potential assets of the Debtor, as such creditors had requested. Such discovery further benefitted the ongoing State

8

Court Litigation in which the Siblings (as plaintiffs therein, but before legal fees and any other costs) have recovered at least $5 million in gross amount of litigation proceeds to date and may recover on other claims before such litigation is complete.

21. FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

22. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

23. FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

### FSLC EXPENSE POLICIES

26. FSLC charges clients for actual out-of-pocket expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

27. The expenses sought by FSLC in this Application relate to charges for messenger services for mailings in the case [$24.60] and the cost of a tract search performed on real property owned by Debtor [$85.00]. These charges were necessary and benefited the Estate. The total amount of out-of- pocket expenses for which FSLC seeks reimbursement is $109.60.

28. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtor's Estate.

### NOTICE

9

29.  Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors who filed a proof of claim in the case; and (e) all other parties set up to receive notice through the Court's ECF filing system.  As to creditors, and to save costs for the Estate, the Trustee requests that, pursuant to Bankruptcy Rule 2002(h), the court limit notice of this application to creditors who have filed a proof of claim in the case.  No incremental prejudice will result to any other creditor who did not file a proof of claim since such creditors are not entitled to a distribution in this case.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for the Requested Compensation; (ii) authorizing the Trustee to (a) pay FSLC outstanding fees in the amount of $14,849.00 incurred during the Prior Application Period and which were authorized prior hereto to be payable upon further Court order, (b) pay FSLC allowed fees in the amount of $27,935.50, and (c) reimburse FSLC for unpaid expenses in the amount of $109.60 incurred during the Application Period; (iii) providing final approval of all interim fee applications previously filed herein by FSLC; and (iv) providing such other and further relief as is proper and just.

Dated: November 30, 2017                                     Respectfully submitted,

                                                                     **FOX SWIBEL LEVIN & CARROLL LLP**

                                                                     By:  */s/ N. Neville Reid*
                                                                          Fox Swibel Levin & Carroll LLP,
                                                                          General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX SWIBEL LEVIN & CARROLL LLP**

200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201